

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2003

# Maddox v. St Paul Fire

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2828

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Maddox v. St Paul Fire" (2003). *2003 Decisions.* Paper 351.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/351

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 02-2828

_____

WALTER L. MADDOX, III,
                                        Appellant
                        v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY;
UNITED STATES FIDELITY AND GUARANTY COMPANY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 01-cv-01264)
District Judge:  Hon. D. Brooks Smith

_____

Argued June 26, 2003

Before:  SLOVITER and AMBRO, Circuit Judges, and
PETRESE B. TUCKER*, District Judge

(Filed: July 22, 2003)

_____

Leland P. Schermer  (Argued)
Leland Schermer & Associates
11 Stanwix Street, 7th Floor
Pittsburgh, PA 15222

        Attorney for Appellant

_____

*        Hon. Petrese B. Tucker, United States District Court for the Eastern District of
         Pennsylvania, sitting by designation.

Alan S. Miller (Argued)
Picadio McCall Miller & Norton
4710 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219


OPINION OF THE COURT


SLOVITER, Circuit Judge.

We must decide whether we have jurisdiction over this interlocutory appeal filed by appellant Walter L. Maddox, III from the order of the District Court denying Maddox's Motion to Continue with Counsel and granting in part and denying in part the Motion of defendant United States Fidelity and Guaranty Company ("USF&G") to Proceed with Defense of Maddox. Maddox v. St. Paul Fire & Marine Ins. Co., Civ. A. No. 01-1264 (W.D. Pa. May 29, 2002). The order also denied USF&G's motion to substitute its proffered counsel and ordered Maddox to select new, qualified, and independent counsel, subject to USF&G's reasonable approval. We will dismiss this appeal for lack of jurisdiction.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On January 11, 2001, Sunny James Cvetnic filed a civil suit against Maddox for trademark infringement and other claims in the United States District Court for the Western District of Pennsylvania. Cvetnic claimed that Maddox, a musician, infringed on

Cvetnic's trademark by performing under the name "The Marcels."

Maddox has purchased annual general liability insurance policies from USF&G and St. Paul Fire and Marine Insurance Company ("St. Paul") since September 1992. The policies provide coverage to Maddox for claims by third parties asserting "Advertising Injuries." See, e.g., Supp. App. at 352. The policies also provide USF&G and St. Paul the right and duty to defend Maddox in any suit seeking damages based on such injuries.

Upon notice of the suit, Maddox's retained counsel, Metz Schermer & Lewis, sent a letter to St. Paul. The letter provided notice of the Cvetnic action and demanded complete defense and indemnity in that lawsuit under the "Advertising Injuries" coverage provision. On April 3, 2001, Maddox's counsel filed an Answer in the Cvetnic action. On April 27, 2001, Daria Fitzgerald, a St. Paul employee, left a voice message with Maddox's counsel stating that St. Paul would provide a defense for Maddox under a reservation of rights and expressing its willingness to allow Metz Schermer & Lewis to represent Maddox in the Cvetnic action.

On May 15, 2001, slightly less than a month later, USF&G and St. Paul issued a reservation of rights letter to Maddox, reserving the right to deny coverage, withdraw from Maddox's defense, seek reimbursement from Maddox for uncovered claims, and deny indemnification. On June 20, 2001, USF&G notified Maddox's counsel by letter

that it was withdrawing from providing Maddox's defense.[1] USF&G based its decision on information acquired from papers filed in a prior 1981 action between The Marcels and their record label, <u>Knauss, et al. v. Colpix Records</u>, No. 80 Civ. 2255 (S.D.N.Y. 1981).

Maddox filed suit against USF&G and St. Paul in the Court of Common Pleas of Allegheny County on July 9, 2001. Maddox's Complaint sought declaration of USF&G/St. Paul's duty to defend Maddox in the <u>Cvetnic</u> action, as well as relief for other claims, including breach of contract and bad faith. USF&G and St. Paul removed the action to the District Court for the Western District of Pennsylvania. Maddox filed a motion for a temporary restraining order, pending a preliminary injunction, to enjoin USF&G and St. Paul from withdrawing their defense and requiring them to pay Maddox's counsel fees.

The District Court granted the motion by the insurance companies to sever the declaratory judgment count concerning the issue of their duty to defend Maddox. <u>Maddox v. St. Paul Fire & Marine Ins. Co.</u>, Civ. A. No. 01-1264 (W.D. Pa. Aug. 8, 2001). On December 27, 2001, the District Court granted Maddox's motion for summary judgment in part, finding that USF&G has a duty to defend Maddox in the <u>Cvetnic</u> action. <u>Maddox v. St. Paul Fire & Marine Ins. Co.</u>, 179 F. Supp. 2d 527 (W.D. Pa. 2001).

---

[1] Some of the letters in the Supplemental Appendix which we attribute to USF&G appear to be written on St. Paul's letterhead but signed by representatives of USF&G. For purposes of our analysis, any dispute over the source of the letters is inconsequential.

4

Subsequently, USF&G sent Maddox's counsel a letter advising him that it had retained new counsel for his defense in the Cvetnic lawsuit. USF&G reasserted its prior reservation of rights, except for the prior publication exclusion which the District Court had rejected. On January 28, 2002, USF&G filed a motion to proceed with Maddox's defense. Maddox opposed the motion and requested retention of Metz Schermer & Lewis.

On May 29, 2002, the District Court granted in part USF&G's motion, finding that it had the right to reject Metz Schermer & Lewis due to an acrimonious relationship between counsel and USF&G caused by the litigation over Maddox's duty to defend and bad faith claims. It also sustained Maddox's objection to the new counsel the insurance company sought to retain. The District Court order granted Maddox the opportunity to choose new, qualified counsel, subject to reasonable approval by USF&G. Maddox filed a timely appeal.

Maddox has complied with the District Court's order and selected alternative counsel, although in this appeal he continues to assert his objection to the order that required him to find new counsel. USF&G has objected to Maddox's newly selected counsel based solely on an inability to reach an agreement concerning a reasonable fee rate.

## II.

## DISCUSSION

The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

USF&G has agreed that it will pay for Maddox's defense in the Cvetnic lawsuit. Maddox argues that the District Court's order requiring him to select new counsel for his defense in that action deprives him of his right to be represented by the counsel of his choice. Specifically, Maddox raises two issues: (1) whether an insurance company which breaches its duty to defend under an insurance policy has a right to object to the insured's chosen independent counsel and (2) whether an insurance company's issuance of reservation of rights letters creates a conflict of interest with the insured that gives the insured a right to select independent counsel. The preliminary question before us is whether we have jurisdiction to hear Maddox's appeal. It is interlocutory because Maddox's breach of contract and bad faith claims are still pending before the District Court. The Cvetnic action has been delayed pending the outcome of this appeal.

## A.

### Collateral Order Doctrine

Under 28 U.S.C. § 1291, our review is limited to "final decisions of the district courts." We, Inc. v. City of Philadelphia, 174 F.3d 322, 324 (3d Cir. 1999). It is undisputed that the District Court's order was a collateral order and not a final judgment. See Maddox's Br. at 18 (the "district court's May 29, 2002 order is a collateral order"). A final judgment "ends the litigation on the merits and leaves nothing for the court to do

6

but execute the judgment." Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204 (1999). Inasmuch as the District Court still has before it Maddox's breach of contract and bad faith claims against USF&G and St. Paul, the order at issue is not a final decision.

In limited circumstances, a collateral order may be deemed a final decision under 28 U.S.C. § 1291. We, Inc., 174 F.3d at 324. To qualify for immediate review, the order must: (1) "conclusively determine the disputed question;" (2) "resolve an important issue completely separate from the merits of the action;" and (3) "be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). "If the order at issue fails to satisfy any one of these requirements, it is not an appealable collateral order." We, Inc., 174 F.3d at 324.

We have stated that for purposes of the collateral order doctrine, the Supreme Court has instructed that "'the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs.'" Id. at 325 (citation omitted). An analysis by category prevents case-by-case determinations. See Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 439 (1985) ("This Court, however, has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal.").

The Supreme Court has held that orders disqualifying counsel are not immediately appealable. See id. In Richardson-Merrell, the Court held that a disqualification order was not immediately appealable because the issue of disqualification was not separate

7

from the merits of the underlying action and because it could be appealed at final judgment. Id. at 435, 439. Similarly, in Cunningham, the Court held that an order imposing sanctions on an attorney under Fed. R. Civ. P. 37 and disqualifying that attorney from the case was not immediately appealable for the same reasons. 527 U.S. at 205-07.

USF&G argues that the District Court's order here fits within the category of disqualification orders and that orders disqualifying counsel, as a category, are not immediately appealable. In this action, the District Court's order effectively acts as a disqualification order. The order bars Metz Schermer & Lewis from defending Maddox in the Cvetnic action and requires Maddox to select alternative counsel.

In ruling that Maddox's counsel could be replaced, the District Court considered whether an insurance company that breaches its duty to defend subsequently has the right to reject the insured's chosen counsel and whether USF&G waived that right when it withdrew from providing Maddox a defense in the Cvetnic action. These questions necessarily involve an inquiry into USF&G's breach of the insurance contract, the extent of the breach, and USF&G's attempts to remedy the breach. The District Court concluded, "because USF&G is attempting to reinstate its defense [in the Cvetnic action] while the litigation is still ongoing, Maddox does not have an unfettered right to force USF&G to pay future attorney fees for his current counsel." Maddox v. St. Paul Fire & Marine Ins. Co., Civ. A. No. 01-1264, at *7 (W.D. Pa. May 29, 2002). These considerations overlap with Maddox's remaining breach of contract and bad faith claims

8

in this action.

Because the issue of whether USF&G could object to Maddox's selected counsel is not completely separable from the merits of Maddox's remaining breach of contract and bad faith claims, the situation is analogous to that provided to the Court in Richardson-Merrell and its reasoning for disallowing the collateral appeal of the counsel disqualification order in that case is equally applicable here. Consequently, just as in Richardson-Merrell, we do not have jurisdiction over Maddox's interlocutory appeal.

Maddox argues that the District Court's order will be unreviewable on appeal from final judgment if the Cvetnic action is decided before the underlying action here. He cites United States v. Whittaker, 268 F.3d 185 (3d Cir. 2001), where we found we had jurisdiction over a collateral appeal of an order disqualifying a U.S. Attorney because the government, in a criminal case, "cannot appeal from a judgment of not guilty." Id. at 192. The situations are not comparable. While Maddox would not be able to retry the Cvetnic action, he may be able to include any damages caused by his inability to use the counsel of his choice as an element of his injury in the underlying action here.

Even more important, we have concluded that the District Court's order is effectively an attorney disqualification order, a category of orders for which the Supreme Court has deemed collateral review inappropriate. Therefore, we have no jurisdiction over this interlocutory appeal.

**B.**

9

**Writ of Mandamus**

Maddox also requests that we exercise jurisdiction over this appeal by issuing an extraordinary writ of mandamus. Maddox argues that by granting USF&G some control over Maddox's choice of counsel, the District Court necessarily determined that USF&G's breach of the insurance contract was immaterial, and consequently deprived Maddox of his constitutional right to a jury trial for the resolution of disputed issues of fact.

Writs of mandamus are extraordinary relief which should be used sparingly and only in cases where the district court has engaged in an act amounting to a judicial usurpation of power. Whittaker, 268 F.3d at 193. This is not one of those rare cases where a writ of mandamus is necessary. The District Court did not make a finding on the materiality of USF&G's breach. Rather, the District Court determined that USF&G had some right to control Maddox's defense as a matter of law, apart from any breach. The materiality of USF&G's breach, and any resulting damages, will be determined on the merits in Maddox's remaining action against USF&G. Under these circumstances, a grant of a writ of mandamus would be inappropriate.

### III.

### CONCLUSION

Because we do not have jurisdiction to hear this appeal, we cannot reach the

10

merits.  For the reasons set forth, we dismiss Maddox's appeal for lack of jurisdiction.[2]

_____

TO THE CLERK:

Please file the forgoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge

---

[2]  We are concerned that the <u>Cvetnic</u> action has been awaiting resolution of this dispute.  We are confident that when this action is returned to the District Court, it will ensure prompt resolution of the remaining issue as to the fee requested by Maddox's newly chosen counsel so that the <u>Cvetnic</u> action can proceed.